THE STATE EX REL. McGOVERN, District Attorney, Appellant, vs. WILLIAMS, Circuit Judge, Respondent.

*January 14—January 29, 1907.*

*Affirmance on equal division.*

MANDAMUS to ORREN T. WILLIAMS, Judge of the Circuit Court for Milwaukee County. *Dismissed.*

On March 20, 1906, the cause was argued on motion to quash the writ.

For the respondent, in support of the motion, there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *A. C. Umbreit, J. B. Doe,* and *F. M. Hoyt.* They contended, *inter alia,* that the supreme court is without jurisdiction to issue the peremptory writ prayed for unless under and in accordance with an express statute. *Ex parte Burtis,* 103 U. S. 238; *U. S. v. Lawrence,* 3 Dall. 42; *U. S. v. Peters,* 5 Cranch, 115; *Life & F. Ins. Co. v. Wilson,* 8 Pet. 291; *Kendall v. U. S.* 12 Pet. 524; *Decatur v. Paulding,* 14 Pet. 497; *U. S. ex rel. Crawford v. Addison,* 22 How. 174; *Ex parte Milwaukee R. Co.* 5 Wall. 188; *Ex parte Newman,* 14 Wall. 152; *Ex parte Loring,* 94 U. S. 418; *Ex parte Flippin,* 94 U. S. 348; *Ex parte Brown,* 116 U. S. 401; *U. S. v. Sanges,* 144 U. S. 310; *State v. Jones,* 7 Ga. 422; *People v. Corning,* 2 N. Y. 9; *Comm. v. Reynolds,* 4 Hayw. 110; *Comm. v. Harrison,* 2 Va. Cas. 202; *State v. Burns,* 18 Fla. 185; *State v. Copeland,* 65 Mo. 497; *People v. Royal,* 2 Ill.

557.   The alternative writ does not state facts sufficient to entitle the relator to any relief.   The writ embodying the petition, and not the petition itself, is the complaint.   *State ex rel. G. B. & M. R. Co. v. Jennings,* 56 Wis. 113; *Johnson v. Smith,* 64 Ind. 275; *Board of Comm'rs v. State ex rel. Lewis,* 61 Ind. 75, 81; *State ex rel. Cothren v. Lean,* 9 Wis. 279, 290; *Hambleton v. Dexter,* 89 Mo. 188, 190; *State ex rel. Hathaway v. Board of Health,* 103 Mo. 22; *Johnes v. Auditor,* 4 Ohio St. 493.

For the respondent there was also a brief by *Wheeler & Perry,* and oral argument by *Lyman G. Wheeler.*   They contended, *inter alia,* that, even if the appellate court should direct the trial court to vacate the order in question, there was nevertheless no way for the trial court to lawfully bring the defendants again before it, as they had been discharged. *State ex rel. Gold v. Secrist,* 33 Minn. 381, 23 N. W. 545; *State v. Granville,* 45 Ohio St. 264; *People v. Stacy,* 34 Cal. 307.

For the relator there was a brief by the *Attorney General, A. C. Titus,* assistant attorney general, and by *Francis E. Mc-Govern,* district attorney, and *Guy D. Goff,* assistant district attorney, of counsel, and oral argument by the *Attorney General, Mr. Titus,* and *Mr. McGovern.*   They contended, *inter alia,* that the supreme court, under the constitution, has power to exercise superintending control over a circuit court at the request of the state, under proper circumstances, in a criminal case.   The relief prayed for has been exercised in other states. The discharge of the defendants is not an acquittal, they have not been in jeopardy, and a writ of *mandamus* will lie.   *Luton v. Circuit Judge,* 69 Mich. 610; *Grand Rapids v. Braudy,* 105 Mich. 670; *State ex rel. Bayha v. Philips,* 97 Mo. 331; *Swift v. Wayne Circuit Judges,* 64 Mich. 479; *People ex rel. Robison v. Swift,* 59 Mich. 529, 26 N. W. 694; *Louisell v. Benzie Circuit Judge,* 139 Mich. 40, 102 N. W. 371; *Clute v. Circuit Judge,* 139 Mich. 337, 102 N. W. 843; *Hill v. Morgan,* 9 Idaho, 718; 76 Pac. 323, 326; *State ex rel. Smith*

*v. Smith,* 69 Ohio St. 196, 68 N. E. 1044; *State ex rel. Shannon v. Hunter,* 3 Wash. 92; *State ex rel. Harris v. Laughlin,* 75 Mo. 358; *People ex rel. Coberly v. Scates,* 3 Scam. 351; *Crane v. Saginaw Circuit Judge,* 111 Mich. 496; *State ex rel. Keane v. Murphy,* 19 Nev. 89, 6 Pac. 840; *Queen v. Justices of Middlesex,* 2 Q. B. Div. 516; *Quimbo Appo v. People,* 20 N. Y. 531; *McCreary v. Rogers,* 35 Ark. 298, 301; *Comm. v. Balph,* 111 Pa. St. 365; *In re Parsons,* 150 U. S. 150; *In re Rice,* 155 U. S. 396; *Bob v. State,* 2 Yerg. 173; *State ex rel. New Orleans v. Judge of Civil Dist. Court,* 52 La. Ann. 1275; *Havemeyer v. Superior Court,* 84 Cal. 327; *Hensley v. Superior Court,* 111 Cal. 541; *Detroit v. Wayne Circuit Judge,* 79 Mich. 384, 44 N. W. 622; *People ex rel. P. H. & G. R. Co. v. Judge,* 31 Mich. 456; *Tawas & B. C. R. Co. v. Circuit Judge,* 44 Mich. 479; *Maclean v. Circuit Judge,* 52 Mich. 257; *E. T. Barnum W. & I. Works v. Speed,* 59 Mich. 272; *Van Norman v. Circuit Judge,* 45 Mich. 204; *Pennington v. Woolfolk,* 79 Ky. 13; *Benners v. State,* 124 Ala. 97; *Ex parte Barnes,* 84 Ala. 540; *Ex parte Haralson,* 75 Ala. 543; *State v. Hart,* 19 Utah, 438; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 51 L. R. A. 33.

The cause was re-argued January 14, 1907.

For the respondent there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *A. C. Umbreit, F. M. Hoyt,* and *J. B. Doe.* They contended, *inter alia,* that the overwhelming weight of authority is against the procedure here invoked. *State v. Agee,* 83 Ala. 110; *Strong v. Grant,* 99 Cal. 100; *Cariaga v. Dryden,* 29 Cal. 307; *People ex rel. Wheaton v. Weston,* 28 Cal. 639; *Lewis v. Barclay,* 35 Cal. 213; *People v. Sexton,* 37 Cal. 532; *Scott v. Superior Court,* 75 Cal. 114; *Wheley v. King,* 92 Cal. 431; *People ex rel. Gesford v. Superior Court,* 114 Cal. 466; *Kerr v. Superior Court,* 130 Cal. 183; *People ex rel. Sayer v. Garnett,* 130 Ill. 340; *Bailey v. Ewart,* 52 Iowa, 111; *State ex rel. v.*

*Norton,* 20 Kan. 506; *St. Louis & S. F. R. Co. v. Shinn,* 60 Kan. 111; *Blair v. McCann,* 23 Ky. Law Rep. 1226; *Cassidy v. Young,* 92 Ky. 227; *Wells v. Thomas,* 72 Md. 26; *Gray v. Bridge,* 11 Pick. 189; *Gibbs v. County Comm'rs,* 19 Pick. 298; *State ex rel. Treadway v. Wright,* 4 Nev. 119; *State ex rel. Combination Co. v. Curler,* 4 Nev. 445; *Nevada Cent. R. Co. v. District Court,* 21 Nev. 409; *State ex rel. O. S. Mfg. Co. v. Curler,* 26 Nev. 347; *Sinnickson v. Corwine,* 26 N. J. Law, 311; *State ex rel. Mooney v. Edwards,* 51 N. J. Law, 479; *Ex parte Ostrander,* 1 Denio, 679; *Ex parte Bassett,* 2 Cow. 458; *Ex parte Johnson,* 3 Cow. 371; *People ex rel. Legg v. Onondaga C. P.* 8 Wend. 509; *Hutchinson v. Comm'rs,* 25 Wend. 692; *People ex rel. Snow v. Cayuga C. P.* 10 Wend. 632; *People ex rel. Doughty v. Dutchess C. P.* 20 Wend. 658; *Weeden v. Town Council,* 9 R. I. 128; *Eubank v. Broughton,* 98 Va. 499; *Thurston v. Hudgins,* 93 Va. 780; *Roberts v. Paul,* 50 W. Va. 528; *Fleshman v. McWhorter,* 54 W. Va. 161; *State ex rel. Liggins v. Judges,* 47 La. Ann. 1516; *State ex rel. Hyatt v. Smith,* 105 Mo. 6; *State ex rel. South St. Joseph T. Co. v. Mosman,* 112 Mo. App. 540; *State ex rel. Att'y Gen. v. District Court,* 13 N. Dak. 211, 100 N. W. 248; *Ex parte Newman,* 14 Wall. 152; *In re Key,* 189 U. S. 84; *Am. C. Co. v. J., T. & K. W. R. Co.* 148 U. S. 372; *U. S. ex rel. Harless v. Judges,* 85 Fed. 177; *Ex parte Lewis,* 21 Q. B. Div. 191, 192; *Reg. v. Justices of Yorkshire (Ex parte Gill),* 53 L. T. Rep. 728; *Reg. v. Sheil,* 50 L. T. Rep. 590; *State v. Kemp,* 17 Wis. 669; *U. S. v. Salter,* 1 Pin. 278; *Milwaukee v. Weiss,* 93 Wis. 653; *Von Rueden v. State,* 96 Wis. 671, 676; *State ex rel. McCaslin v. Smith,* 65 Wis. 93; *State v. Grottkau,* 73 Wis. 589; *Wright v. Wright,* 74 Wis. 439; *State ex rel. Pfeiffer v. Taylor,* 19 Wis. 566; *In re Rice,* 155 U. S. 396.

For the relator there was a brief by the *Attorney General, A. C. Titus,* assistant attorney general, and *Francis E. McGovern,* district attorney, and oral argument by *Mr. McGov-*

*ern* and *Mr. Titus.* They contended, *inter alia,* that under the provisions of sec. 3, art. VII, Const., the supreme court has power to set aside the erroneous order of the circuit judge quashing the indictment and discharging the defendants, and to direct him to reinstate the case and proceed with the trial according to the usual practice of circuit courts in Wisconsin. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 607; *State ex rel. Fourth Nat. Bank v. Johnson,* 105 Wis. 164, 176; *State ex rel. Spence v. Dick,* 103 Wis. 407, 409; *In re Pierce,* 44 Wis. 411, 442–444, 456; *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797; *Goodwin v. Prime,* 92 Me. 355, 42 Atl. 785, 787; *State v. Wood,* 23 N. J. Law, 560; *Osborn v. U. S. Bank,* 9 Wheat. 738, 966; *State v. Cummins,* 36 Mo. 263, 278; *State ex rel. Att'y Gen. v. Brunot,* 104 La. 237; *People ex rel. Hamilton v. Barnes,* 66 Cal. 594; *Camilo Temple v. Superior Court,* 70 Cal. 211; *Cahill v. Superior Court,* 145 Cal. 42, 46; *Ex parte Alabama,* 115 Ala. 123; *Ex parte Jones,* 133 Ala. 212; *State ex rel. Smith v. Pitts,* 139 Ala. 152; *State ex rel. Schutz v. Williams,* 127 Wis. 236, 106 N. W. 286. No principle of law or recognized rule of procedure will be violated, superseded, or infringed by making the writ absolute. 2 Andrews' Cooley's Blackstone, 1479, note; *Reg. v. Faderman,* 4 Cox Crim. Law Cas. 359; Whart. Crim. Pl. & Pr. (9th ed.) § 404; 1 Bishop, New Crim. Proc. § 784; *State v. Barrett,* 54 Ind. 434; *Thomas v. State,* 6 Mo. 457; *State v. Polk,* 91 N. C. 652; secs. 4609, 4612, 4639, 4645, Stats. 1898; *People v. Bringard,* 39 Mich. 22; *Queen v. Brown,* 7 El. & Bl. 757; *Queen v. Pilkington,* 2 El. & Bl. 546; *Queen v. Adamson,* 1 Q. B. Div. 201; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 623; Merrill, Mandamus, § 40; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672; *State ex rel. Keane v. Murphy,* 19 Nev. 89, 6 Pac. 840; *Hill v. Morgan,* 9 Idaho, 718, 76 Pac. 323; *Board of Comm'rs v. Mayhew,* 5 Idaho, 572, 51 Pac. 411; *People ex rel. Hoise v. Wayne Circuit Judge,* 22 Mich. 493; *People ex rel. Robi-*

*son v. Swift,* 59 Mich. 529, 26 N. W. 694; *State ex rel. Shannon v. Hunter,* 3 Wash. 92, 27 Pac. 1076; *Ex parte Bradstreet,* 7 Pet. 634; *Parker, Petitioner,* 131 U. S. 221; *Harrington v. Holler,* 111 U. S. 796; *State ex rel. Durner v. Huegin,* 110 Wis. 189; *People v. Martin,* 1 Park. Crim. Rep. 187; sec. 7, art. I, Const.; *Rowan v. State,* 30 Wis. 129, 144; *In re Bergin,* 31 Wis. 383; *State ex rel. Milwaukee v. Newman,* 96 Wis. 258, 272, 273; *Schaeffer v. State,* 113 Wis. 595; *Douglass v. State,* 3 Wis. 820; *Brosde v. Sanderson,* 86 Wis. 368; *Terrell v. Superior Court,* 127 Cal. xviii, 60 Pac. 38; *Comm. v. Adams,* 92 Ky. 134, 17 S. W. 276.

PER CURIAM. This is an application for a peremptory writ of *mandamus* directed to Hon. ORREN T. WILLIAMS, one of the circuit judges of Milwaukee county. It appears by the relation and the alternative writ which was issued thereon that Frank Keogh and Otis T. Hare were indicted for obtaining a certain county order by false pretenses, and that Judge WILLIAMS sustained separate demurrers to the indictment on the part of both the defendants on the ground that no offense was stated therein and discharged the defendants. Thereupon application was made to this court to exercise its power of superintending control by way of *mandamus* compelling Judge WILLIAMS to vacate said orders and reinstate the action and proceed with the trial thereof. An alternative writ having issued out of this court, the respondent moved to quash the same on the grounds, first, that the court is without jurisdiction, and, second, that the facts stated are not sufficient to entitle the relator to a writ of *mandamus*. The matter was fully argued during the January term, 1906, and a re-argument ordered, which has now been had. The six justices who participated in the hearing of both arguments are equally divided in opinion as to whether a peremptory writ should issue, and this has been the situation since the first argument took place. It is very apparent that no affirmative action in the matter

can be taken, and that any further attempt in that direction would be a mere waste of time. In this situation it seems that the only action that can be taken is to dismiss the proceedings.

. *By the Court.*—Proceedings dismissed, without costs.

TIMLIN, J., took no part.